NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH LUCERO, an individual, | No. 25-688 |
| Plaintiff - Appellee, | D.C. No. 3:22-cv-08035-SMB |
| v. | MEMORANDUM* |
| STI TRUCKING INCORPORATED, an Indiana corporation; ALEXANDER KIM, | |
| Defendants - Appellants, | |
| and | |
| DMITRY KARP, UNKNOWN PARTIES, named as Jane Doe Kim, Wife; named as Jane Doe Karp, Wife, | |
| Defendants. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| JOSEPH LUCERO, | No. 25-968 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-08035-SMB |
| v. | |
| STI TRUCKING INCORPORATED; ALEXANDER KIM, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted April 14, 2026
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Defendants STI Trucking Incorporated ("STI") and Alexander Kim, its employee, appeal a judgment entered in favor of Plaintiff Joseph Lucero based on Kim's negligence while driving an STI vehicle.[1] Lucero cross-appeals a summary judgment in favor of STI on his direct negligence claims against STI and in favor of both defendants on his claim for punitive damages. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err by granting summary judgment on punitive

---

[1] STI did not contest that it was liable under respondeat superior for the damages caused by Kim's negligence.

damages. In Arizona, punitive damages can be awarded only if the "defendant's evil hand was guided by an evil mind," *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986), which means that a negligent defendant's conduct was "outrageous, oppressive or intolerable," *Swift Transp. Co. of Ariz. LLC v. Carman*, 515 P.3d 685, 692 (Ariz. 2022) (cleaned up). Kim did not have an evil mind simply because he negligently attempted to pass Lucero's truck, did not provide a recorded statement to STI after the accident, and failed to complete mandated post-accident drug testing, *See id.* at 688-89, 694-95. Kim's conduct did not create "a risk substantially greater than that necessary to make [it] negligent or even grossly negligent." *Id.* at 693. Nor was STI's alleged negligence in hiring Kim or entrusting its vehicle to him the kind of "outrageous conduct" that is "required to sustain a claim for punitive damages in negligence cases." *Id.*

2.      Defendants were not entitled to judgment as a matter of law on whether the accident caused Lucero's blurry vision. There was "medical evidence of the possibility of the existence of the causal relationship" and "other evidence or circumstances indicating such relationship." *Coca-Cola Bottling Co. of Tucson v. Fitzgerald*, 413 P.2d 869, 872 (Ariz. Ct. App. 1966). An ophthalmologist provided a differential diagnosis that included "trauma given recent MVA [motor vehicle accident]" as a possible cause of the blurry vision. Shortly before the accident, Lucero had 20/30 vision in his left eye. Immediately after the accident, Lucero

experienced blurry vision in that eye, and, within a month, his vision in that eye was 20/300. *See Montague v. Deagle*, 462 P.2d 403, 406 (Ariz. Ct. App. 1969) (affirming judgment when there was medical evidence of possible causation and plaintiff reported dizziness immediately after the accident).

For the same reasons, Defendants' challenge to the jury's award of damages is unavailing.

3.      The district court did not abuse its discretion by refusing to instruct the jury on comparative fault. Defendants did not request such an instruction in time and thus failed to comply with the district court's local rules and the trial-setting order. *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (per curiam) (noting that local rules have "the force of law" (cleaned up)). Moreover, Defendants approved Lucero's instructions, which expressly noted that no comparative fault instruction would be given. *See United States v. Kaplan*, 836 F.3d 1199, 1217 (9th Cir. 2016) (holding that a party waives objections to a jury instruction by affirmatively approving that instruction).

4.      The district court did not abuse its discretion by denying Defendants' motion in limine. Defendants identified no specific evidence that it sought to exclude and gave no reason to assume Lucero's counsel would use "reptile tactics" in closing

argument.[2]

5.      When reviewing the district court's denial of a motion for a new trial premised on attorney conduct, we will not disturb the district court's evaluation of that conduct absent a "definite and firm conviction that the court committed a clear error of judgment." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir. 1995) (cleaned up)). The district court did not clearly err by finding that Plaintiff's counsel's statements regarding roadway safety rules were not misconduct. *See Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1038 (9th Cir. 2024) ("[A]ppealing to the jury to act as a conscience of the community is not misconduct when it is not specifically designed to inflame the jury." (cleaned up)), *petition for cert. filed*, No. 24-999 (U.S. Mar. 17, 2025). The district court also reasonably concluded that the attorney's reference to "who pays" during closing arguments, taken in context, did not cause prejudice by implying that Defendants' insurance would cover any judgment.[3]

---

[2]      So-called reptile tactics "appeal to jurors' most primitive instincts of safety and self-preservation so that they override the portion of the brain that uses logic." *Kinsel v. BMW of N. Am. LLC*, No. CV-20-08296, 2023 WL 11899597, at *9 (D. Ariz. June 21, 2023).

[3]      Having affirmed the compensatory damages judgment and the summary judgment on punitive damages, we need not consider the direct negligence claims against STI. Other than seeking punitive damages, Lucero articulated "no separate or additional damage from [STI]'s conduct," so STI's "separate liability adds nothing to the damages sought." *Roaf v. Stephen S. Rebuck Consulting, LLC*, 550 P.3d 173, 178 (Ariz. 2024). Therefore, Lucero suffered no prejudice from being

**AFFIRMED.**

---

unable to pursue his direct negligence claims against STI.

25-968